IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JIMMY BEAN | ) | |
| | ) | |
| v. | ) | No. 3:17-1572 |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION | ) | |

To:   The Honorable Aleta A. Trauger, District Judge

### **R E P O R T   A N D   R E C O M M E N D A T I O N**

Currently pending is Plaintiff's motion for judgment on the administrative record. *See* Docket Entry ("DE") 14.[1] Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner"). At issue is whether the administrative law judge ("ALJ") erred in finding that Plaintiff was "not disabled" and therefore not entitled to Supplemental Security Income ("SSI"). (*See* Administrative Transcript (DE 10) at 15-17).[2] This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for initial consideration and a report and recommendation. *See* DE 4.

Upon review of the administrative record and consideration of the parties' filings, I recommend that Plaintiff's motion for judgment on the administrative record (DE 14) be **DENIED**.

---

[1] Plaintiff's motion was delinquent by nearly two months, which led to the issuance of a show cause order. *See* DE 17, 20.

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "Tr." followed by the corresponding page number(s) as denoted by the large black print on the bottom right corner of each page.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff protectively filed an application for SSI on June 10, 2014 due to back and knee pain, mental illness, diabetes, high blood pressure, thyroid problems, and obesity, with an alleged onset date of March 1, 2014. (Tr. 73, 90). His application was denied initially and upon reconsideration. (Tr. 73, 86). Pursuant to his request for an administrative hearing, Plaintiff appeared with counsel and testified at a hearing before ALJ Brian Dougherty on November 16, 2016. (Tr. 35). On February 8, 2017, the ALJ denied the claim. (Tr. 15-17). On October 24, 2017, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1-3). Therefore, the ALJ's decision stands as the final determination of the Commissioner.

As part of the decision, the ALJ made the following enumerated findings:

1. The claimant has not engaged in substantial gainful activity since March 1, 2014, the alleged onset date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: obesity; diabetes mellitus; hypertension; mild osteoarthritis of the knee, post-surgery; and depression disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except [he is] able to perform simple and low-level detailed tasks; occasional interaction with others; and adapt to gradual change.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on December 17, 1961 and was 52 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed. The claimant subsequently changed age category to advanced age (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 1, 2014, the alleged disability onset date (20 CFR 416.920(g)).

(Tr. 20-29).

On appeal, Plaintiff submits two assertions of error: (1) that the ALJ failed to properly consider various medical opinions in the record; and (2) that the ALJ failed to consider the impact of Plaintiff's degenerative disc disease. DE 15 at 5, 10. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded for further administrative proceedings. *Id*. at 12.

## II. ANALYSIS

### A. Standard of Review

The Court begins by noting Plaintiff's erroneous contention that "the standard of review is abuse of discretion." DE 15 at 3. It is well-established that a reviewing court is instead charged with determining whether the ALJ's decision is supported by *substantial evidence*. 42 U.S.C. § 405(g).[3] Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (quoting *Consol. Edison Co.*

---

[3] Curiously, Plaintiff appears to recognize the substantial evidence standard in some portions of his brief (DE 15 at 4), yet repeatedly alleges that the ALJ "abused his discretion." *Id*. at 5, 9-10.

3

*v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). If substantial evidence supports the ALJ's decision, that decision must be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). As explained by the Sixth Circuit:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

The Commissioner employs a five-step sequential evaluation process in considering whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point in the evaluation process, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought; at step two, the ALJ considers whether one or more of the claimant's alleged impairments are "severe" in nature; at step three, the ALJ determines whether the impairments at issue meet or equal one of the Listings contained in the regulatory List of Impairments; at step four, the ALJ considers the claimant's residual functional capacity ("RFC") and determines whether the claimant can still perform past relevant work; and at step five, the burden of proof shifts to the ALJ to assess whether the claimant, after establishing that past relevant work is no longer possible, is capable of performing other types of work. *Id*. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

If the ALJ determines at step four that the claimant can perform past relevant work, the claimant is deemed "not disabled" and the ALJ need not complete the remaining steps of the

sequential analysis. *Id*. §§ 404.1520(a), 416.920(a). "Past relevant work" is defined as work that claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006) (citing 20 C.F.R. § 404.1560(b)(1)). If the claimant is incapable of performing past relevant work, however, the ALJ proceeds to step five to determine whether, in light of the claimant's RFC, age, education, and work experience, the claimant can perform other substantial gainful employment and whether such employment exists in significant numbers in the national economy. In determining a claimant's RFC, the ALJ is required to consider the combined effect of all of the claimant's impairments, mental and physical, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (*Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs*., 736 F.2d 365, 366 (6th Cir. 1984) (citing 42 U.S.C. § 405(g)).

### B. The Commissioner's Decision

The ALJ resolved the current Plaintiff's claim at step five of the five-step process. Although Plaintiff was found to have met the first two steps, the ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and

was therefore not presumptively disabled. At step four, the ALJ found that Plaintiff had no past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed him to perform medium work with express limitations to account for his severe impairments, and that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform despite such limitations. (Tr. 20-29).

### C. Assertions of Error

**1. Medical opinions.**

Plaintiff alleges that the ALJ erred in evaluating the proffered medical opinions concerning the severity of his physical limitations.[4] Specifically, Plaintiff argues that the ALJ improperly concluded that he can perform "medium work" without providing sufficient justification for deviating from the opinions of the medical sources who concluded that Plaintiff could work at only a "light" level of exertion. DE 15 at 9-10.[5] For the reasons that follow, the undersigned disagrees.

There are three relevant medical opinions at issue, the first of which involves a consultative examination. On October 22, 2014, Dr. Bruce Davis evaluated Plaintiff and diagnosed him with extreme obesity, diabetes mellitus, hypothyroidism, hypertension, and "back/leg [and] knee complaints." (Tr. 287). Dr. Davis opined that Plaintiff was subject to multiple exertional limitations, including the ability to occasionally lift/carry and push/pull 10-20 pounds, frequently lift/carry and push/pull 10 pounds, sit for four to six hours in an eight-hour workday, just one to

---

[4] Plaintiff states that he does not dispute the ALJ's conclusion as to the severity of his mental condition. DE 15 at 7, n.1.

[5] Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c). Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds ... To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities[.]" *Id.* § 416.967(b).

6

two hours at one time, and stand/walk for three to four hours in an eight-hour workday for 30 minutes at one time. (Tr. 287). He also concluded that Plaintiff would have "limited bending, climbing, squatting, uneven surfaces, extreme heat/cold." (Tr. 287). The ALJ accorded "partial weight" to this opinion based on "the totality of the evidence as well as evidence showing the claimant is able to perform a variety of daily activities requiring physical abilities consistent with those necessary for obtaining and maintaining employment." (Tr. 27).

On October 30, 2014, Dr. Hollis Rogers conducted a review of the medical records pertaining to Plaintiff's physical condition. Like Dr. Davis, Dr. Rogers concluded that Plaintiff would be able to occasionally lift/carry 20 pounds and frequently lift/carry 10 pounds. (Tr. 68). Dr. Rogers additionally found that Plaintiff was limited to six hours of standing and walking per eight-hour workday, more than six hours of sitting, and that he was unlimited in his ability to push and pull. (Tr. 68). Dr. Rogers also opined that Plaintiff did not suffer from any postural or manipulative restrictions. (Tr. 68-69). The ALJ assigned "great weight" this opinion based on Dr. Rogers's "familiarity with the case record, convincing rationale and program knowledge." (Tr. 26).

Approximately seven months later, Dr. Larry Caldwell conducted a separate review of Plaintiff's medical history and determined that his impairments were "not severe." (Tr. 82). He also stated that "no RFC/[mental]RFC assessments are associated with this claim" (Tr. 83), which suggests an opinion that Plaintiff suffers from no functional limitations. However, he additionally stated that Plaintiff demonstrated the "maximum sustained work capability for ... *light*" work (Tr. 84-85) (emphasis added), which involves the same lifting and carrying restrictions delineated by both Dr. Davis and Dr. Rogers. Despite this, Dr. Caldwell stated that the functional limitations suggested by Dr. Davis were "not supported by the longitudinal evidence or [Dr. Davis's] own

7

exam." (Tr. 80). The ALJ gave no weight to Dr. Caldwell's opinion based on his conclusion that the medical record "clearly reflect[s] impairments severe in nature and further reflect[s] limitations associated with such, which have been accounted for in the [] [RFC]." (Tr. 27).

The ALJ's explanation for his weight distribution in this matter is certainly not a model of clarity. For example, the ALJ identifies Drs. Rogers and Caldwell as "State agency consultative examiners" (Tr. 26-27), yet there is no indication that either of these physicians examined Plaintiff at any point. These doctors are instead *non-examining* State agency consultants who only reviewed medical records before issuing their respective opinions, which is a crucial distinction in light of the greater deference owed to the report of an examining physician. *See* 20 C.F.R. 416.927(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you.").[6] The ALJ also fails to meaningfully distinguish the opinions provided by Dr. Rogers and Dr. Davis, which is not insignificant given that the providers reached different conclusions regarding Plaintiff's standing, walking, and postural limitations. (Tr. 68, 287). The ALJ instead states vaguely that Dr. Rogers's findings were "generally consistent with the record as a whole," while Dr. Davis's conclusions were deemed not entirely compatible with Plaintiff's ability to perform work-related tasks. (Tr. 26-27). Although neither of these opinions is subject to the more stringent parameters of the treating physician rule,[7] the ALJ is generally required to clarify the reasons for his weight

---

[6] 20 C.F.R. § 416.927(c) applies to Social Security claims filed before March 27, 2017, such as the current one.

[7] The treating physician rule, contained in 20 C.F.R. § 416.927(c), requires that an ALJ provide "good reasons" for not according controlling weight to a treating physician's opinion, which must be "supported by the evidence in the case record, and ... sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion[.]" *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376 (6th Cir. 2013) (internal citations omitted).

8

allocation. *See Clason v. Comm'r of Soc. Sec.*, No. 3:15-cv-1171, 2016 WL 4411340, at *9 (N.D. Ohio July 19, 2016), *report and recommendation adopted*, 2016 WL 4400732 (N.D. Ohio Aug. 18, 2016) (in assigning weight to opinions, "the ALJ must provide a meaningful explanation for the weight assigned to the non-treating source and this is accomplished by weighing the same factors as applied to a treating physician").

Regardless, the undersigned finds no error that necessitates reversal of the ALJ's decision in the instant matter. *See Hoelscher v. Comm'r of Soc. Sec.*, No. 09-11581, 2010 WL 4179272, at *4 (E.D. Mich. Oct. 20, 2010) ("[T]here is no reason to depart from the usual harmless-error rule when the ALJ merely failed to give a detailed explanation why [he] gave less weight to a one-time examining opinion.") (quoting *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006)). The ALJ based his decision largely on the fact that Plaintiff performed work at a medium exertional level *after* the alleged onset date of disability (Tr. 20, 26), a finding which bolsters both the RFC formulation and the ultimate determination that Plaintiff is not disabled. *See Miller v. Comm'r of Soc. Sec.*, 524 F. App'x 191, 194 (6th Cir. 2013) (holding that an ALJ does not err by considering a claimant's ability to maintain employment in constructing the RFC); *Herron v. Comm'r of Soc. Sec.*, No. 15-11825, 2016 WL 4536426, at *1 (E.D. Mich. Aug. 31, 2016) ("[T]he ALJ can consider work activity, even if it is not substantial gainful activity."). Plaintiff does not dispute that this work constituted medium exertional work, nor did his attorney challenge the vocational expert's ("VE") characterization of such work during the administrative hearing; the VE's testimony that a hypothetical claimant with medium level exertional restrictions could perform jobs that exist in significant numbers in the economy therefore constitutes substantial evidence in support of the ALJ's decision. *Louden v. Comm'r of Soc. Sec.*, 507 F. App'x 497, 499 (6th Cir. 2012).

9

Plaintiff nonetheless emphasizes the ALJ's failure to "explain the reason he did not adopt Dr. Rogers's and Dr. Davis's assessments" (DE 15 at 10), yet this characterization overlooks the ALJ's description of Plaintiff's ability to perform medium level exertional tasks throughout the opinion. (Tr. 25-27). The ALJ also cited normal physical examination findings (Tr. 26), as was appropriate, *see* 20 C.F.R. § 416.927(c)(4) ("[T]he more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."), and referenced the conservative nature of Plaintiff's treatment (Tr. 24), which "suggests the absence of a disabling condition." *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 678 (6th Cir. 2013). The ALJ further noted that Plaintiff's most recent employment, which occurred during the alleged period of disability, ended for reasons that were not related to his physical condition (Tr. 20), a finding that similarly implies that no physical disability exists. *See Mendiola v. Soc. Sec. Admin.*, No. 3:15-cv-0995, 2016 WL 5800470, at *5 (M.D. Tenn. Sept. 30, 2016) ("An individual who leaves the last job for reasons unrelated to any disability casts doubt on the reasons they are not working.") (citing *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004)). Plaintiff fails to address any such findings, nor does he carry his burden of "adequately explain[ing] how the ALJ's assessments with respect to these limitations are inconsistent with the functional limitations included in the ... RFC assessment," *Chandler v. Astrue*, No. 1:08-cv-2265, 2010 WL 148124, at *8 (N.D. Ohio Jan. 8, 2010), which excuses any error in the ALJ's explanation.

Plaintiff instead seeks reversal on a technical basis by arguing solely that the ALJ's failure to adopt all of the light work restrictions proffered by the State agency consultants was an "abuse of discretion." DE 15 at 9-10. However, to prevail on appeal Plaintiff cannot simply identify minor flaws in the ALJ's opinion, but must "demonstrate that the ALJ's determination that he was not disabled is not supported by substantial evidence." *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x

10

533, 540 (6th Cir. 2014). Reversible error is not committed simply because an ALJ's RFC differs from a medical opinion that is weighed favorably, particularly when that opinion does not come from a treating source. *See id.* at 539 ("[B]ecause Dr. Catt was an examining psychologist—not a treating doctor—his opinion is not entitled to any special deference."). Indeed, it is the ALJ, and not a State-contracted physician, who resolves a claimant's ability to perform work-related activities. *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 578 (6th Cir. 2009). The ALJ is not required to adopt a State physician's opinion "verbatim," nor is he required to adopt that provider's limitations "wholesale" even if the opinion is accorded great weight. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015).

The ALJ in the instant case explained his deviation from the light work restrictions recommended by Drs. Rogers and Davis based on Plaintiff's performance of "full-time medium level" work during the alleged disability period, conservative treatment of his condition, and mild objective findings, including Dr. Davis's own examination findings (Tr. 24-27), which was entirely appropriate. *See Puckett v. Colvin*, No. 3:13-cv-01486, 2014 WL 1584166, at *9 (N.D. Ohio Apr. 21, 2014) ("Because Drs. Diaz, Deardorff, Ward, and Shamberg were consultative examiners, the ALJ was required only to acknowledge that their opinions contradicted his RFC finding, and explain why he did not include their limitations in his determination of Plaintiff's RFC."). The ALJ also discussed Plaintiff's daily activities and supported the RFC formulation via VE testimony indicating that Plaintiff can perform a range of medium work at numerous jobs in the national economy. (Tr. 26, 56-57). Plaintiff points to no authority prohibiting such action. While the ALJ could have more artfully articulated the basis for his departure from the State physicians' respective opinions, his decision is reviewed "not for complete or exact correlation between the evidence and the ALJ's findings, but for legal error or

11

lack of substantial supporting evidence." *Ferguson v. Comm'r of Soc. Sec.*, No. 3:15-cv-2714, 2017 WL 9473077, at *10 (N.D. Ohio Jan. 25, 2017), *report and recommendation adopted*, 2017 WL 561834 (N.D. Ohio Feb. 13, 2017). Because the undersigned finds neither legal error nor lack of substantial evidence to support the decision, this assertion of error is rejected.

### 2. The ALJ's step two finding.

Plaintiff next alleges that the ALJ erred by failing to adequately consider the impact of degenerative disc disease on his physical functionality. Plaintiff claims that the ALJ "had a duty to determine whether he considered this condition to be a severe medical impairment." DE 15 at 11.

Plaintiff's argument is without merit. The Court first notes that while the ALJ's failure to directly discuss any back issues is perhaps regrettable, there is a distinction between what an ALJ must consider and what he must discuss in the written opinion. *See Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 489 (6th Cir. 2005) ("[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered.") (internal citation omitted). Furthermore, Plaintiff identifies no evidence indicative of a severe back impairment, which is significant given that x-rays demonstrated "minimal disc degeneration." (Tr. 289).

Furthermore, and fatal to Plaintiff's argument, the ALJ's failure to identify degenerative disc disease as a severe impairment does not require reversal because the ALJ clearly found that Plaintiff suffers from other severe impairments. (Tr. 20). This is significant because an ALJ's finding that at least one of the claimant's alleged impairments is severe in nature means that the claim survives the step two screening process, 20 C.F.R. § 404.1520(a)(4); *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008), and both severe and non-severe impairments are considered in

the remaining steps of the disability evaluation. 20 C.F.R. §§ 416.923 and 416.945(a)(2). The Sixth Circuit has consistently held that an ALJ does not commit reversible error when he fails to find that some impairments are severe but finds that other impairments are severe and proceeds with the next step of the evaluation. *See, e.g., Maziarz v. Sec'y Health & Human Serv.*, 837 F.2d 240, 244 (6th Cir. 1987); *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x. 516, 522 (6th Cir. 2008); *Fisk v. Astrue*, 253 F. App'x. 580, 583 (6th Cir. 2007).

The ALJ in the instant matter found that Plaintiff had five severe impairments and proceeded to the next step of the evaluation. (Tr. 20-21). The ALJ also discussed the functional limitations allegedly caused by Plaintiff's physical condition (Tr. 23-24), which is the critical consideration for purposes of a disability evaluation. *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it.") (citing *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)). The ALJ's finding that Plaintiff's mild degenerative disc disease was not severe did not result in a conclusion that Plaintiff was not disabled, nor did it stall the five step evaluation. Any error is therefore harmless and fails to warrant relief.

### III. CONCLUSION

For the above stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (DE 14) be DENIED and the Commissioner's decision be AFFIRMED.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this Report and Recommendation or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to

preserve the right of appeal. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. Rule 72(b).

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge